**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE TORRES ORTEGA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2243-J** |
| | ) | |
| **UNITED STATES DISTRICT COURT, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jose Torres Ortega, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents[2] to release Petitioner immediately subject to an appropriate order of supervision.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] On August 26, 2026, the Court added Todd Blanche, Attorney General of the United States, and Markwayne Mullin, Secretary of Homeland Security, as Respondents in this action. Doc. 5.

Alternatively, if Respondents belatedly provide a copy of Petitioner's arrest warrant with any objections to this Report and Recommendation, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral Immigration Judge ("IJ") within seven days or otherwise release him if there is no hearing within that time.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States at an unspecified time on or before October 4, 2023. *See* Pet. at 6 (indicating Petitioner previously was detained beginning October 4, 2023).[3] ICE placed Petitioner into removal proceedings before the Immigration Court, Doc. 1-1 at 11, presumably pursuant to 8 U.S.C. § 1229a through a Notice to Appear.[4] In October 2023, ICE released him on an Order of Release on Recognizance under § 1226(a).[5] *See* Pet. at 6; Doc. 1-1 at 11 (Order of Release on

[3] Citations to the Petition, Doc. 1, and to its exhibits, Doc. 1-1, utilize the CM/ECF page numbers from the documents' headers.

[4] Neither party provides significant information about Petitioner's immigration and detention background. Accordingly, the undersigned presumes certain facts based on Petitioner's current detention and Respondents' acknowledgement he is entitled to a bond hearing under *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). *See* Resp. at 1.

[5] Petitioner's allegations are not clear regarding his earlier detention and release dates. He states he was "detained on October 4, 2023 then released 4 days later"—i.e., on October 8, 2023. Pet. at 6 (citation modified). Petitioner also states he was "released on October 4, 2023." *Id.* (citation modified). The Order of Release on Recognizance is dated October 4, 2023. Doc. 1-1 at 11. This difference is not material to the undersigned's analysis. Further, Petitioner indicates some action occurred on August 12, 2026, but the undersigned is unable to determine from the record what action occurred on that date. Pet. at 2.

Recognizance). Petitioner also filed an application for asylum, which is set for decision on March 13, 2027. Pet. at 2.

On May 20, 2026, ICE again detained Petitioner. Pet. at 4. Respondents contend Petitioner is detained pursuant to § 1225(b)(2)(A) but acknowledge that *Santillan Quiroz* "control[s]" and "compels a different outcome." Resp. at 1. Petitioner does not indicate he requested a bond hearing. Such a request, though, would likely be futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

Petitioner's immigration removal proceedings are ongoing, and no removal order has been issued. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Sept. 25, 2026). When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 25, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts four counts in his Petition.

- **Count I: Revocation of Release under § 1226(a).** Petitioner alleges he was detained and released previously under § 1226(a), and he was not subject to mandatory detention under § 1225. Pet. at 6. He alleges he does not represent a threat to society or to another person. *Id.*

- **Count II: Violation of Due Process.** Petitioner alleges he was not provided a bond hearing during his current detention period; he seeks release. *Id.*

- **Count III: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges he was released by ICE on October 4, 2023, and given check-in dates. Pet. at 6. He alleges his release is to continue, and he is entitled to legal protection, until a final hearing with an IJ on March 13, 2027. *Id.*

- **Count IV: Violation of Due Process.** Petitioner alleges his detention for more than three months, without an arrest warrant or order from a judge, violates the Fifth Amendment. *Id.* at 7.

Petitioner asks the Court to order his "immediate release." *Id.* (citation modified). He also asks the Court to protect him "from erroneous deprivation of [his] liberty" based on "the violations already committed against [him]" by ICE. *Id.* (citation modified).

The undersigned construes Counts I through III to assert, in part, that Petitioner's continued detention and Respondents' failure to provide him with a bond hearing pursuant to § 1226(a) are unlawful and violate the INA—i.e., that continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to noncitizens, like him, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings. Respondents understood Petitioner's claims similarly and have addressed this issue. Resp. at 1-2.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA. Pet. at 6. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A) but acknowledge *Santillan Quiroz* "control[s]" whether Petitioner is entitled to a bond hearing and "compels a different outcome." Resp. at 1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without

admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[6]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180

[6] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guardian*, --- F.4th ----, 2026 WL 2661092, at *20-21 (4th Cir. Sept. 10, 2026); *Buele Morocho v. Warden, Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, 483 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

F.4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. Petitioner's warrantless arrest violated the INA, and the proper remedy is release.**

Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). Petitioner alleges his immigration detention is unlawful because he was not arrested pursuant to a warrant. Pet. at 7. Respondents do not respond to Petitioner's warrantless arrest claim or provide a copy of any warrant for Petitioner's arrest. Resp. at 1-2.

"Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Sergio P. v. Bondi*, No. 26-cv-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified). Here, there is no evidence in the record of a properly issued warrant for Petitioner's arrest. Without evidence in the record, Respondents cannot rebut Petitioner's allegation he was detained without a warrant. *See Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4 (W.D. Okla. Feb. 20, 2026) (holding that where "supporting facts were necessarily in ICE's possession at the time of re-detention and remain within its control," the government should produce "documentation" of those facts); *cf. Ricardo v. Mullin*, No. CIV-26-1996-J, Order, Doc. 10 at 2 (W.D. Okla. Sept. 21, 2026) (declining to adopt recommendation that noncitizen

detainee be released where the government included the warrant with its objections to the Magistrate Judge's Report and Recommendation); *Sajbochol v. Figueroa*, No. CIV-26-193-J, Order, Doc. 14 at 3 (W.D. Okla. Apr. 16, 2026) (same).

Without evidence of any warrant in the record, the undersigned concludes Petitioner was improperly detained pursuant to § 1226(a) without a warrant, and his detention was unlawful from the moment it began. Accordingly, the Court should grant Petitioner immediate release, subject to an appropriate order of supervision. *See, e.g.*, *Nosirov v. Gantt*, No. CIV-1036-J, 2026 WL 2255073, at *1 (W.D. Okla. Aug. 5, 2026) (ordering "immediate release," "subject to an appropriate Order of Supervision," for a noncitizen who "asserted he was not arrested pursuant to a warrant," where the government had "provided no warrant" or "substantively addressed Petitioner's claim that his arrest was unlawful because it was not performed pursuant to a warrant" (citation modified)); *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release, "subject to an appropriate Order of Supervision," for a noncitizen who had been detained under § 1226(a) where his "arrest was warrantless"); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026) (recommending "immediate release, subject to any conditions of his prior bond," for a noncitizen detained under § 1226(a) where no warrant was issued for his arrest), *adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026).

Other courts outside this District have similarly ruled. *See, e.g.*, *Canedo-Luna v. Valdez*, No. 26-CV-2094, 2026 WL 1753563, at *4 (D. Colo. June 18, 2026) (citing this Court's order in *Singh* and ordering immediate release under § 1226(a) for a similarly

situated petitioner who "clearly allege[d] circumstances surrounding her arrest, which render the existence of a warrant highly unlikely," when the respondents "ha[d] not controverted any of the[] allegations"); *Djiwaje v. Bondi*, No. 26-CV-344, 2026 WL 926753, at *3-4 (D. Nev. Apr. 6, 2026) (citing this Court's order in *Singh* and ordering immediate release after finding no lawful administrative warrant had been issued for petitioner's arrest under § 1226(a)); *Laura E.P.G. v. Bondi*, No. 26-560, 2026 WL 242266, at *1 (D. Minn. Jan. 29, 2026) ("Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a)—indeed, Respondents have failed to produce any documentation supporting Petitioner's detention—the appropriate remedy is release from custody."); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("To put it simply, Petitioners' detentions are improper because there is no evidence in the record that they were arrested pursuant to a warrant. Since the Government did not comply with the plain language of section 1226(a), their immediate release is justified.").

Alternatively, if Respondents provide—albeit belatedly—a copy of Petitioner's arrest warrant with any objections to this Report and Recommendation, the undersigned recommends the Court grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.

**C. The Court should decline to address Petitioner's due process claims because at most they would entitle him to a bond hearing.**

Petitioner also argues his continued detention without a bond hearing violates § 1226(a) of the INA and his rights to due process. Pet. at 6-7. If the Court adopts the undersigned's recommendation and orders Petitioner's release because he was not arrested pursuant to a warrant, the Court should decline to decide the merits of Petitioner's remaining claims based on his detention without an individualized bond hearing. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)). At most, Petitioner's INA and due process claims based on his continued detention entitle him to a bond hearing pursuant to § 1226(a), consistent with this Court's prior rulings and Tenth Circuit precedent. *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)").[7]

**V. <u>Recommendation and Notice of Right to Object</u>**

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to release Petitioner

---

[7] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner here has not provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing—if he is not released due to his arrest without a warrant. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, this Court has found in analogous circumstances that termination of humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) provides "no avenue for relief." *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026).

immediately subject to an appropriate order of supervision. If Respondents belatedly provide a copy of Petitioner's arrest warrant with any objections to this Report and Recommendation, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 2, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 25th day of September, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE