UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE TORRES ORTEGA, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-2243-J |
| UNITED STATES DISTRICT COURT, et al., | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Jose Torres Ortega, a Venezuelan citizen, filed a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging his detention with Immigration and Customs Enforcement. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation recommending that the Court order Respondents to either (1) release Petitioner on grounds that he was arrested without a warrant, or (2) if Respondents provide proof that Petitioner was arrested with a warrant, provide Petitioner with a bond hearing within seven days or otherwise release him. (Rep. & Rec.) [Doc. No. 9]. Both parties objected [Doc. No. 10], [Doc. No. 11], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

In sum, Judge Stephens concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his warrantless arrest and/or continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 5-9. In their objection, Respondents provide the relevant warrant. *See* [Doc. No. 10, Ex. 3]. Petitioner claims that he was not given the warrant, *see* [Doc. No. 11], but the relevant question is whether the warrant was issued. *See* § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested

and detained pending a decision on whether the alien is to be removed from the United States.”). It was issued, thus mooting Judge Stephens’ recommendation that Petitioner be released on that basis.

Addressing Judge Stephens’ alternative recommendation, Respondents agreed that Petitioner is entitled to a bond hearing under *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). *See* [Doc. No. 10 at 1-2].

For the reasons above, and on de novo review, the Report and Recommendation [Doc. No. 9] is ADOPTED to the extent that it finds that Petitioner is entitled to a bond hearing under the INA and Petitioner’s Petition is GRANTED IN PART in so far as it alleges the same. The Court ORDERS Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 5th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE